IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GENNER NEFTALI ICO COC,      )
                                     )     Case No. 3:25-cv-00381
            *Petitioner*,    )
                                     )
             v.         )     Magistrate Judge Kezia O. L. Taylor
                                     )
WARDEN LEONARD ODDO, et al.    )
                                     )
          *Respondents*.   )

**MEMORANDUM OPINION**

Petitioner Genner Neftali Ico Coc ("Petitioner"), who is currently detained at Moshannon

Valley Processing Center, has filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to

28 U.S.C. § 2241.  ECF No. 1.  The Petition primarily involves a dispute over which section of

the Immigration and Nationality Act ("INA") applies to Petitioner, namely 8 U.S.C. §

1225(b)(2)[1] or § 1226(a).[2]  Respondents maintain that Petitioner is subject to mandatory

---

[1] Section 1225 states, in pertinent part:

**Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing**
  **(a) Inspection**
    **(1) Aliens treated as applicants for admission**
      An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) shall be deemed for purposes of this chapter an applicant for admission.
          * * * *
  **(b) Inspection of applicants for admission**
          * * * *
    **(2) Inspection of other aliens**

detention pursuant to Section 1225(b)(2), whereas Petitioner argues that he is subject to discretionary detention pursuant to Section 1226(a), and therefore entitled to a bond hearing. For the following reasons, the Court finds that Petitioner's detention is governed by Section 1226(a), rather than Section 1225(b)(2), and Respondents must afford him a bond hearing. Accordingly, the Court will grant the Petition insofar as Petitioner seeks a bond hearing before a neutral immigration judge.

## A.  Background

Petitioner is a 19-year-old native and citizen of Guatemala who "entered the United States for the first and only time on May 28, 2021." ECF No. 1 ¶ 1. At that time, he was fourteen years old and entered as an unaccompanied minor. *Id*. ¶¶ 1-2. Upon his arrival, Petitioner was detained for fourteen days at the Office of Refugee Resettlements ("ORR") Pecos Children's Center Facility ("PCC") before he was released into his sister's custody.[3] *Id*. ¶ 2. He

---

> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

[2] Section 1226 states, in pertinent part:

**(a)  Arrest, detention, and release**
On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General- -
(1) may continue to detain the arrested alien; and
(2) may release the alien on - -
    (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
    (B) conditional parole; …

[3] Petitioner received a Notice to Appear in May 2021, which charged him as removable under Section 212(a)(6)(A)(i) of the INA as an alien "present in the United States without being

lived with his sister in Houston, Texas for approximately five months before they moved together to Philadelphia, Pennsylvania. *Id*.

Petitioner was detained by ICE en route to work on October 3, 2025. *Id*. ¶ 2. That same day, he was served with a Notice to Appear, which charged his removability under Section 212(a)(6)(A)(i) of the INA as an alien who was "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." ECF No. 14-2 at 4. His removability was also charged under Section 212(a)(7)(A)(i)(I) of the INA as "an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General[.]" *Id*.

According to the record, Petitioner is set for a Master hearing before an immigration judge on December 24, 2025. ECF No. 14-4. Counsel for Petitioner maintains that Petitioner filed an Application for T Nonimmigrant Status with USCIS on November 12, 2025. ECF No. 15 at 7. Counsel also maintains that Petitioner applied for asylum with the immigration court in Elizabeth, New Jersey, on December 2, 2025. *Id*.

---

admitted or paroled and who arrived in the United States at a time or place other than as designated by the Attorney General." ECF No. 14 at 2. However, the Notice to Appear was never served on the Executive Office for Immigration Review for a hearing to be set, so no immigration hearing was scheduled or held. *Id*.

B. **Jurisdiction**

The Supreme Court of the United States has explained that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas relief applies to petitioners seeking relief from executive detention but not to petitioners seeking to remain in the United States. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 116-120 (2020). The Court has jurisdiction in this case because Petitioner is contesting his detention and the violation of his due process rights, not the execution of his order of removal.

C. **Discussion**

Petitioner admits that he is a citizen of Guatemala who entered the United States without inspection, and the parties presumably agree that Respondents are currently detaining Petitioner pursuant to Section 1225(b)(2), and therefore holding him without a bond hearing. Notably, Respondents are doing so because of interim guidance that DHS issued on July 8, 2025.[4] That guidance provides that all aliens who enter the country without being admitted or who otherwise arrive in the United States without proper documentation are considered "applicants for admission" and therefore subject to mandatory detention pursuant to Section 1225(b)(2).[5] *Id*. After this guidance was issued, the Board of Immigration Appeals (the "BIA") followed suit and

---

[4]   *See*   https://www.aila.org/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission (last visited December 23, 2025).

[5] Prior to July 8, 2025, it had been "DHS's longstanding practice of treating noncitizens arrested while living in the United States, including those who entered without inspection, as detained under Section 1226(a)." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1260 (W.D. Wash. 2025).

adopted this interpretation of the law in *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220 (BIA 2025) (holding that noncitizens "who are present in the United States without admission are applicants for admission as defined under section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A), and must be detained for the duration of their removal proceedings."). For his part, Petitioner argues that he cannot be detained pursuant to Section 1225(b)(2), and that he may only be detained pursuant to Section 1226(a), which requires a bond hearing. Therefore, the parties' dispute is fundamentally a dispute about statutory interpretation.

In short, the Court agrees with the overwhelming majority of district courts that have thus far considered this issue and concluded that Section 1226(a), rather than the mandatory detention provision of Section 1225(b), applies to noncitizens like Petitioner who is not seeking admission at a port of entry and has resided in the United States for years. There is no need to expand on the many well-reasoned opinions that have found the BIA's decision in *Hurtado* unpersuasive. *See Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (citing cases prior to October 22, 2025). For the reasons recently articulated by Judge Christopher Brown in *Vasquez Majia v. Noem*, 3:25-cv-333, 2025 WL 3546427 (W.D. Pa. Dec. 11, 2025), and Judge Stephanie Haines in *Calzado Diaz v. Noem*, No. 3:25-cv-458, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025), the undersigned finds that Petitioner's detention is governed by Section 1226(a). Thus, he has a statutory right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") Accordingly, the Petition will be granted as follows. No later than ten days from the date of the accompanying Order, Petitioner must be provided a bond hearing pursuant to 8 U.S.C. § 1226. If Petitioner is not provided with a bond

hearing within ten days, or if the immigration judge declines to conduct a bond hearing based on

*Hurtado*, Respondents shall immediately release Petitioner from custody.  A separate order will

be issued.

     Dated:  December 29, 2025.


                           /s/ Kezia O. L. Taylor
                           Kezia O. L. Taylor
                           United States Magistrate Judge


Cc:    Counsel of record
        (Via CM/ECF electronic mail)